**432** KENTUCKY REPORTS. [Vol. 101

Commissioners of the Sinking Fund of City of Louisville v. Zimmerman.

CASE 74—PETITION EQUITY—JUNE 15.

# Commissioners of the Sinking Fund of City of Louisville v. Zimmerman.

APPEAL FROM JEFFERSON CIRCUIT COURT.

LAW AND EQUITY DIVISION.

1. CONSTITUTIONAL CONSTRUCTION—REFUNDING INDEBTEDNESS.— While section 159, of the Constitution, does not give authority to any city, town, or other municipality to contract an indebtedness, it is clear that when that authority is properly given by law that then the provisions of that section requiring that at the time of contracting the indebtedness the municipality shall

Vol. 101]        APRIL TERM, 1897.              433 ·

Commissioners of the Sinking Fund of City of Louisville v. Zimmerman.

provide for the collection of an annual tax to pay the interest
thereon and to create a sinking fund for the payment of the
principal thereof, is self-executing, and the provision of that
section relating to the collection of the tax is necessarily in-
cluded in and becomes a part of all such acts authorizing the
creation of indebtedness; and as the General Assembly has in
the charter for cities of the first class expressly provided for
the contracting of an indebtedness to the extent which may be
necessary to refund existing indebtedness, necessarily it must
also be held that the city council of such cities were given power
to levy and collect a tax to pay the interest·ond create a sinking
fund as provided by section 159, of the Constitution.

2. REFUNDING INDEBTEDNESS—DATE OF REFUNDING BONDS.—Refund-
ing bonds issued by a municipality in the payment of previously
existing bonds, should be so written as to bear interest only
from the date the old bonds are due, so that there will be no
time at which both sets of bonds are bearing interest.

3. REFUNDING BONDS—AMOUNT WHICH MAY BE ISSUED.—Only that
amount of refunding bonds may be properly issued which will
sell for sufficient, including the premium thereon, to raise the
amount of the debt proposed to be refunded.

H. S. BARKER FOR APPELLANT.

1. The amount of the premium is not to be considered in a ques-
tion of an over issue, because it is not a liability but an asset,
and is an unknown quantity which can not be ascertained until
after the sale of bonds is made; and if it is an over issue, the
bonds are valid to the extent necessary to raise the required
sum of money.    Daviess County v. Howard, 13 Bush, 101;
Daviess County v. Dickinson, 117, U. S., 663.

2. The premium so far as this case is concerned can not be con-
sidered in the question of an over issue, because it is provided
that the premium shall go into and become a part of the re-
sources of the sinking fund. Burnett's Code of the City of
Louisville, chap. 43, p. 692.

3. The provisions of the present Constitution have nothing to do
with the refunding of bonds existing prior to its adoption.

4. To say that refunding bonds can not be issued a sufficient length
of time in advance to secure the money to pay off the old bonds
when due, would make the letter of the law kill the spirit of it.

D. W. SANDERS FOR APPELLEE.

1. The powers conferred by legislation with reference to the issual
(28)

434 KENTUCKY REPORTS. [Vol. 101

Commissioners of the Sinking Fund of City of Louisville v. Zimmerman.

of refunding bonds should be strictly pursued. The power conferred by section 3010, of the Kentucky Statutes, has not been strictly pursued, as more money has been realized by the sale of bonds than is required to meet the maturing obligations of the city. Daviess County v. Howard, 13 Bush, 108.

2. The bonds proposed to be refunded did not mature until the 1st of July, and the 1st of August, 1897, and the refunding bonds were issued and bear interest from the 1st of April, 1897; and the city would therefore be paying interest for three or four months on two sets of bonds for the same debt, and "without the assent of two-thirds of the voters thereof voting at an election to be held for that purpose" and is therefore void under the provisions of section 157, of the Constitution.

3. The ordinance under which the annual tax for the payment of the interest and the creation of a sinking fund for the ultimate redemption of these bonds was without legislative authority, and as the provisions of section 159, of the Constitution are not selfoperative, the ordinance is void. Holzhauer v. City of Newport, 94 Ky., 397; Beard, &c. v. City of Hopkinsville, 95 Ky., 241; City of Lexington on Appeal, 96 Ky., 259; O'Mahony v. Bullock, 97 Ky., 774; Aydelott v. South Louisville, 16 Ky. Law Rept., 166.

MASON BROWN BARRET of counsel on same side.

JUDGE WHITE delivered the opinion of the court.

This proceeding is brought by the appellee, Zimmerman, in the Jefferson Circuit Court, Law and Equity division, to enjoin the issuance by the appellants of bonds of the city of Louisville to the amount of $588,000. It appears by the pleadings that the city has outstanding and due July 1, 1897, bonds to the amount of $499,000, and also due August 1, 1897, bonds to the amount of $89,000, all bearing six per cent. interest, and it is proposed to issue the $588,000 in bonds to bear four per cent. interest, due and payable forty years after date, in gold coin of the United States, at its present standard of weight and fineness, for the purpose of paying off the bonds due as stated; in other words, the appellants

propose to refund the debts due July 1, 1897, and August 1, 1897, by the issuance of bonds, payable in gold at a lower rate of interest than the present debts draw, the bonds due and payable in forty years, dated and bearing interest from April 1, 1897. The appellee is a taxpayer of the city of Louisville, and asks that appellants be enjoined from issuing said bonds for the reasons, as he alleges, they are without authority so to do; because prohibited by sections 157, 158 and 159 of the State Constitution; because there is no authority of law for their issuance; because if permitted to be issued, there would for the time, from their issual and date, viz., April 1, 1897, till the maturity of the other bonds, to-wit, July 1, 1897, and August 1, 1897, be a larger indebtedness for the city of Louisville than it is permitted by law to incur, without a vote of its citizens empowering said indebtedness, and because that by the bid received on said bonds, and which was accepted by the commissioners of the sinking fund, there was and is a premium of nearly $40,000 that will be realized on the sale of said 588 bonds of the denomination of $1,000 each. It is admitted that all the action and proceedings of the city council is regular and in due form, and if warranted under the acts of the legislature governing cities of the first class and the Constitution of the State, that then the judgment is erroneous.

Section 157 of the Constitution provides: * * * "No county, city, town, taxing district or other municipality shall be authorized or permitted to become indebted, in any manner or for any purpose, to an amount exceeding in any year the income and revenue provided for such year without the assent of two-thirds of the voters thereof, voting at an election to be held for that purpose; and any indebtedness con-

tracted in violation of this section shall be void; nor shall such contract be enforcible by the person with whom made; nor shall such municipality ever be authorized to assume the same."

Section 158 provides:  *  *  * "Nothing herein shall prevent the issue of renewal bonds, or bonds to fund the floating indebtedness of any city, town, county, taxing district or other municipality."

Section 159 provides: "Whenever any county, city, town, taxing district or other municipality is authorized to contract an indebtedness, it shall be required, at the same time, to provide for the collection of an annual tax sufficient to pay the interest on said indebtedness and to create a sinking fund for the payment of the principal thereof, within not more than forty years from the time of contracting the same."

It appears that the city council of Louisville, in the ordinance passed relating to these bonds, literally complied with the provisions of section 159 of the Constitution, and, notwithstanding this, it is contended, and the court below so held, upon the authority of  Holzhauer v. City of Newport, 94 Ky., 396, that section 159 of the Constitution is not self-executing, and that as the charter of the city of Louisville, as passed by the legislature did not make provision specifically, as this section of the Constitution provided, that the city council was without authority to pass the ordinance they did, and that the same is void and of no effect.

In the case of Holzhauer v. City of Newport, 94 Ky., on p. 406, near the bottom, it will be observed that the court, by Judge Hazelrigg, says: "This construction necessarily determines the question at issue, and we do not think that

section 159 affects the case." Thereby expressly saying that it was unnecessary to determine what section 159 does mean and its effect. Then he undertakes to determine the meaning of section 159, and concludes: "The general assembly, by general laws yet to be enacted, must see to the imposition of these limitations and restrictions. Future legislation is necessarily implied from the very language of the provision."

This decision as to section 159 of the Constitution is *obiter dictum,* as the opinion expressly says, and is held to be not binding on'this court. The question there before the court was the effect of a conflict between certain acts of the legislature passed in 1890, and before the Constitution was adopted, and section 159 of the Constitution, and the court concluded that by provision of the Constitution itself acts permitting the creation of indebtedness, that were in force at the time of the adoption of the Constitution, were not affected by this section 159.  But that it was addressed to the general assembly that would meet after its adoption, and could and did only affect future legislation.  The court did not undertake to say, nor does it say, that the terms and limitations of section 159 should be bodily incorporated in future acts, but that its provision should apply to future legislation. At the time the case of Holzhauer v. City of Newport, was decided by this court, the acts of the legislature granting the new charters to cities of the first, second and third classes had not become laws, not even adopted by the legislature, and, consequently, the provisions of such acts were in no wise before the court and were not passed upon in that case.

If the general assembly, in passing the acts chartering the different cities and towns in the State, had have underta-

ken to pass an act in any other form or providing different from this express mandate, it would have been utterly powerless to do so. The exact provisions and limitations in such cases are set out distinctly and clearly in the constitutional provision, and while the section does not give authority to any city, town or other municipality to contract an indebtedness at all, it is perfectly clear that when that authority is properly given by law, that then the provisions of section 159 of the Constitution, providing that at the time of contracting the indebtedness the municipality shall provide for the collection of an annual tax to pay the interest, etc., is self-executing, and that, in the several acts of the general assembly authorizing the different municipalities throughout the State to contract an indebtedness, this provision of the Constitution, relating to the collection of the tax, is necessarily included, and as the express provision of the Constitution is mandatory is read into all such acts. By section 3010 of the Kentucky Statutes, relating to the charter of cities of the first class, the sinking fund is continued as theretofore established by law, and authority is given, upon the proper certificate of the commissioners of the sinking fund, to refund any outstanding bonds of the city, and to retire the then existing bonds by payment from the sale of new bonds, or by direct exchange, and we are of opinion that as the general assembly by this act expressly provides for the contracting of an indebtedness to the extent of refunding an existing indebtedness, necessarily it must also be held that the council was given power to levy and collect a tax to pay the interest, etc., as provided by the mandate of section 159 of the Constitution. We have no doubt that

Vol. 101]          APRIL TERM, 1897.          439

Commissioners of the Sinking Fund of City of Louisville v. Zimmerman.

the provisions of section 159 of the Constitution are to be read into section 3010 of the Kentucky Statutes as though there literally expressed. Therefore, the city council of Louisville had full warrant and authority of law to levy and collect sufficient annual tax to pay the interest on said bonds, and to create a sinking fund for the payment of the principal thereof within forty years. Section 158 of the Constitution has no application to this case, as the bonds here in question are of the class to which that section expressly says it shall not apply, i. e., renewal bonds.

It appears that the bonds which appellee seeks to enjoin the issuance and delivery of, and which the court below did enjoin, were dated and bore interest from April 1, 1897, and the bonds to be retired were due and payable July 1, 1897, and August 1, 1897.

Appellee contends that if these bonds are permitted to be executed, sold and delivered, that, from their date, April 1, 1897, till the other bonds are due July 1, 1897, and August 1, 1897, for three months, there will be an interest bearing debt against the city, on this account, of over a million dollars, that is to say, to the amount of one set of these bonds, more than is right and more than the city council had the right or power to contract under the circumstances, and that for this time this excess is in fact a new indebtedness, and, being without warrant or authority of law, is void. We are of opinion that this objection is well taken, and that the city council did not have authority to issue bonds bearing date and bearing interest from April 1, 1897, to refund, by exchange direct or by sale of the new bonds and payment of the old bonds, that were not due till July 1, 1897, and August

1, 1897, but that the bonds should have been so written as to bear interest only from the times the old bonds were due, that is July 1, 1897, and August 1, 1897, and that if this be done the objection that the city is paying double interest will be obviated and the bonds will be valid, provided always that the requirements of the law in other respects are followed.

Again it is contended by appellee that by the sale of the bonds as made there was a premium of nearly forty thousand dollars realized more than was necessary to pay off the bonds intended to be retired, and that to the amount of this premium there was an excess of bonds issued and sold, and that that excess should be enjoined, as without warrant or authority of law.    This objection we think well taken.

The city council has no right in any event to issue exceeding five hundred and eighty-eight thousand dollars in bonds to refund that sum outstanding, and if the commissioners of the sinking fund determine, as they have the right to do, that it is best to sell the new bonds and pay off the old ones, then they have the right to only sell bonds sufficient to raise five hundred and eighty-eight thousand dollars ($588,000). For if they were permitted to sell more bonds than was necessary to pay this indebtedness, then to the extent of this premium it would in effect be the creation of a new indebtedness to that extent; which is not permitted under the law authorizing a refunding of the indebtedness.

Wherefore, being of opinion that the bonds sold bore interest from too early a date, i. e., from April 1, 1897, instead of July 1, 1897, and August 1, 1897, respectively, as to amounts, and more were issued and sold than was necessary to meet the indebtedness to be refunded, we hold the judg-

ment of the lower court enjoining the issue and deliverance
of said bonds was correct, and for the reasons herein the
same is affirmed.