## Hunter v. City of Louisville, et al.

(Decided February 3, 1928.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1. Municipal Corporations.—Kentucky Stats., sec. 2854, permitting cities to submit to voters question of issuance of bonds for purchase or improvement of park property to be issued by city and delivered to board of park commissioners, and ordinance enacted thereunder, held not void for indefiniteness as failing to specify depository in which proceeds of bonds should be kept, since it appears from sections 2840, 2853, 2856, that board of park commissioners to whom control of parks was delegated was intended to be made custodian of proceeds of bonds.

2. Municipal Corporations.—Under Kentucky Stats., sec. 2840, providing for control and management of city parks by board of park commissioners, board held invested with right to disburse funds raised by bond issuance under section 2854, and with right to custody and control of such funds, especially in view of sections 2853, 2856.

3. Municipal Corporations.—Ordinance, providing for issuance of bonds for purchase or improvement of lands for park property, pursuant to Kentucky Stats., sec. 2854, held not illegal on account of provision for collection of tax and creation of sinking fund for eventual payment of bonds not provided for by enabling statute, since Constitution, sec. 159, requires cities contracting indebtedness to provide for collection of tax to pay interest and to create sinking fund; constitutional provision being read into enabling act.

4. Municipal Corporations.—Signature and certification of ordinance by newly elected and acting assistant clerk of board of council-

men held sufficient as to ordinance relating to bond issuance for park purposes, pursuant to Kentucky Stats., sec. 2854, even if signature of clerk of board was mandatorily required to give ordinance validity.

GROVER G. SALES for appellant.

WILLIAM T. BASKETT and ROWAN HARDIN for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

By an ordinance duly and regularly enacted by the two branches of the legislative department of the city of Louisville, an election was called and held throughout the city on the day of the regular November, 1927, election to take the sense of the voters of the city upon the question of issuing its bonds in the total sum of $1,500,-000, in denominations of $1,000 each, payable in 40 years, with coupons attached, for the purpose of "constructing and improving parkways, boulevards, and other park property of the city of Louisville." More than two-thirds of the votes cast upon that question, as certified by the county election commissioners, favored the issuing of the bonds and after that fact was ascertained, this equity action was filed in the Jefferson circuit court by plaintiff and appellant here, as a resident, citizen and taxpayer of the city, to enjoin the issuing of the bonds upon the grounds: (1) that neither the statute (section 2854 of the 1922 Edition of Kentucky Statutes, and being a part of the charter of cities of the first class), nor the ordinance (if indeed it was competent to do so in the latter), prescribed or specified "to whose credit the proceeds of said bonds, when they have been sold, shall go and in what depositories, if any, said proceeds shall be placed," and that there was no other statute supplying such alleged deficiencies, and, for that reason, both the statute and the ordinance were void because of vagueness and indefiniteness; and (2), that the ordinance was illegal because (a), it provided for the collection of a tax and the creation of a sinking fund for the eventual payment of the bonds when the enabling statute (section 2854 supra), under the authority of which it was passed, made no such provision, and (b), that it was not passed according to law, because it was not signed and certified by the clerk of one of the boards of the legislative department of the city, but only by the deputy or assistant

clerk of the board of councilmen. A demurrer filed by defendants to the petition was sustained, and plaintiff declined to plead further, followed by a judgment dismissing his petition, to reverse which he prosecutes this appeal. There are no other grounds of attack alleged in the petition, or appearing in the record, nor is any suggested in briefs. On the contrary, it appears and is admitted, that the steps taken in the passage of the ordinance, its publication, and the holding of the election, are strictly in conformity with the statute, and, unless some of the specified grounds are available to defeat the election, the judgment was correct and it should be affirmed.

Section 2854, supra, says:

"For the purpose of raising money for the purchase or improvement of lands for park property, the general council of the city may, by ordinances, submit to the qualified voters of the city the question as to whether the city shall issue bonds, with interest coupons attached, to the amount and of the character set forth in such ordinance; and when such ordinance is passed, it shall, at the next November election, be submitted to the qualified voters of the city; and if it receives assent of two-thirds of those voting, the bonds so voted shall be issued by the city, and delivered to the board of park commissioners."

It is a part of subdivision 8 of the charter of cities of the first class and which relates exclusively to the subject of parks. Its first section (2840) provides, in substance, that the parks of the city shall be controlled and managed by a board of park commissioners which the statute creates. Under its various sections detailed duties and powers are prescribed and conferred on the board of park commissioners. Section 2853 prescribes for the levying of an annual tax "of not less than five cents nor more than eight cents upon each one hundred dollars of value of all the property within the city taxable for municipal purposes," which language is immediately followed by the direction that "the same to be paid over to the board and receipted for by its president." Immediately following that section is the above inserted one, (2854) and it was undoubtedly enacted for the purpose of supplementing the fund to be handled and used by the board of park commissioners when the annually prescribed rate of tax would not raise sufficient funds for

park purposes.   The fact that the fund raised by annual taxation was "to be paid over to the board and receipted for by its president" clearly indicates that it was the intention of the Legislature that all park funds that might be raised by any of the provided methods should be paid to the board and receipted for by its president.

Again, section 2856, which is a part of the same sub-division, provides, in substance, that the board shall keep accurate records and books of account, and make out and deliver to the mayor detailed annual reports "of all its acts and doings for the preceding year, together with a complete and itemized account of all receipts and disbursement of money and with an itemized estimate of the money needed for park purposes during the coming year," and which reports shall be filed in the month of November in each year.   It is furthermore prescribed in that section for the inspection of the books and records of the board at all times by the mayor, and which provisions evidently contemplated that all moneys raised in any legally prescribed manner should be turned over to the board for the purpose of discharging the duties expressly imposed upon it by the various sections of the subdivision of the statute.

The attacked section (2854) only purports to deal with the question of raising funds for the purposes of the board which may be needed over and above that produced by annual taxation, and there is no manifested intention therein to deal with the question as to the custody of the funds that might be produced by the method therein prescribed; i. e., the issual of bonds after an election for the purpose.   It is therefore plain to our minds that it was the intention and purpose of the Legislature to make the board the permanent custodian of that fund the same as it did the one produced by annual taxation.   We would also be inclined to the view that the board would be the proper custodian of the proceeds of the bonds voted under the authority of section 2854 without reference to, or taking into consideration, the provisions of sections 2853 and 2856, since the board to whom the management and control of the parks is delegated is thereby invested with power to acquire, construct, and maintain parks, and which cannot be done without funds for the purpose, and by necessary implication it was intended that it should have the right to disburse all such funds, and which it could not do, unless it had custody and con-

trol of the fund. If the money arising from the issuing of the bonds were not placed to the credit of the board, to be devoted by it in the accomplishment of the statutory purpose, then it would be restrained and hampered in the performance of its duties and in the discharge of the municipal function for which it was created. We cannot conclude that it was the intention of the Legislature to provide for the creation of the auxiliary fund by the issuing of bonds and at the same time withhold from the board the unhampered right to appropriate it to park purposes, but which would be true if plaintiff's contention was correct. We therefore conclude that neither the statute nor the ordinance is in any wise invalid for the reasons set out in ground 1 supra.

Under subdivision (a) of ground 2, it is insisted that section 2854 of the Statutes makes no provision for the collection or creation of a sinking fund for the purpose of paying the bonds by the levying of a tax for that purpose, as the ordinance in this case did, and that such provisions therein are unauthorized and void. Section 159 of our Constitution provides that:

"Whenever any city, town, county, taxing district or other municipality is authorized to contract an indebtedness, it shall be required, at the same time, to provide for the collection of an annual tax sufficient to pay the interest on said indebtedness, and to create a sinking fund for the payment of the principal thereof, within not more than forty years from the time of contracting the same."

In the case of Commissioners of Sinking Fund of Louisville v. Zimmerman, 101 Ky. 432, 41 S. W. 428, 19 Ky. Law Rep. 689, the direct question now under consideration was involved, and although the enabling act under which the bonds in question were voted made no provisions for the creation of a sinking fund to pay them, this court held that the provisions of section 159 of the Constitution would be read into the enabling act and become a part of it, and which conclusion was undoubtedly correct, and to which we still adhere.

It was also pointed out in that opinion that the prior one in Holzhauer v. City of Newport, 94 Ky. 396, 22 S. W. 754, 15 Ky. Law Rep. 188, did not militate in the least against the conclusions of the court in the Zimmerman

opinion for the reasons pointed out therein. The Holzhauer case involved transactions based upon statutes that were enacted prior to the adoption of our present Constitution, although they were attempted to be performed after the adoption of that instrument, and it was held that the provisions of section 159 of the Constitution could not be read into the statutes for the evident and all-conclusive reason that the latter were enacted before the adoption of that section of the Constitution. Other cases literally or substantially following the Zimmerman opinion are: O'Bryan, City Clerk v. City of Owensboro, 113 Ky. 680, 68 S. W. 858, 69 S. W. 800, 24 Ky. Law Rep. 469, 645; and Bain, Treas., etc., v. City of Lexington (Ky.) 121 S. W. 620 (not elsewhere reported). Those cases involve practically the same question now under consideration, but arising under similar provisions of charters of other class cities. It is therefore our conclusion that the ordinance here involved is not invalid because it provided for the collection and creation of a sinking fund, but that it may have been invalid if it or some other one had not done so.

Neither is there any merit in subdivision (b) of ground 2. Even if the signature of the clerk of each board, constituting the legislative department of the city, to the ordinance was mandatorily required in order to give it validity (but which question we do not now determine), we are convinced that such requirement may be fulfilled by the signature of a duly appointed deputy or assistant clerk. Long before the enactment of the ordinance under consideration, the city had provided by another one for the election of assistant clerks for the two legislative boards and which it was competent for it to do. At the time here involved, one T. A. Branham was the duty elected and acting assistant clerk of the board of councilmen, and we think his signature and certification of the ordinance was sufficient to meet all statutory requirements with reference thereto.

Upon the whole case we are convinced that there is no merit in any of the grounds relied on for the relief sought, and the judgment is therefore affirmed.

The whole court sitting.